Putnam J.
delivered the opinion of the Court. This is a contest between two bona fide creditors of the nominal plaintiff, one of them claiming the wages in virtue of an assignment from the nominal plaintiff, the other claiming the same in virtue of an attachment thereof, upon the trustee process, in the hands of the defendants. If the foreign attachment did not take effect, the assignment will.
Whether the wages were due, depended upon the fact of the voyage having been performed. But the jury have negatived that fact. They have found that the ship had not arrived at New Bedford within the meaning of the shipping paper ; which was for a whaling voyage from New Bedford and back to New Bedford. And we think it would have been a very extraordinary verdict if it had found otherwise. It is *110 perfectly clear, that by the returning to New Bedford, the parties meant to her destined place of mooring there, and not merely to the waters or territory within the limits of the town or port of New Bedford. For it generally happens, that the most dangerous part of the voyage is in the navigation within the port. It is there that a pilot is required. But this ship took the ground while she was proceeding to her place of mooring. If she had been burnt or lost there, it could not with any reason be maintained that the owners were indebted, or that the voyage was performed.
At the time when the attachment was made upon the trustee process, the claim of the plaintiff was contingent and not due, and therefore it could not be taken by that process. The attachment failing to take effect, the subsequent assignment is to operate. We are all clearly of opinion that the judgment should be for the plaintiff, according to the verdict.[1]

 See Tucker v. Clisby, ante, 22; Guild v. Holbrook, 11 Pick. 101; Meacham v. McCorbitt, 2 Metc. 352; Wheeler v. Bowen, 20 Pick. 563; Holbrook v. Warter, 19 Pick. 354; Stone v. Hodges, 14 Pick. 81.